UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | |
| | : | |
| MARK G. WOLKOFF, | : | Misc. No. 07-3003DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 23rd day of April 2007, this Court having entered an Order on March 5, 2007, which is incorporated herein, for Mark G. Wolkoff, Esquire ("Wolkoff") to appear and show cause why sanctions should not issue for his direction to his client Tracey Crawford-Mathis not to disclose material financial information to the Court;

**And** after a hearing at which Wolkoff; Fred Baker, Assistant U.S. Trustee; Jackie Chandler, staff attorney to Chapter 13 Standing Trustee and Peter Mulcahy, attorney to the mortgage company in the matter in which the disclosure breach was committed, appeared and were heard;

**And** the Court finding that Wolkoff's conduct was inexcusable but that he has taken complete responsibility for his actions which were in large part a result of his being under the extraordinary stress of a serious medical condition and that neither his client nor any party to the proceedings was prejudiced as a result;[1]

---

[1] His client was a five time filer whose case was going to be dismissed without regard to the non-disclosure.

**And** the Court finding by reason of the years he has appeared in this Court and from the testimonials of Baker, Chandler and Mulcahy that this incident was an aberration in his long unblemished career;

**And** the Court further finding that the distress Wolkoff has experienced by the proceedings to date and his loss of credibility in the eyes of the Court is, with the sanctions imposed below, sufficient to address this incident;[2]

**And** notwithstanding the foregoing, there must be a significant consequence to this serious transgression of Wolkoff's ethical obligations to the Court, parties in interest and the bankruptcy system;

It is hereby **ORDERED** that:

1. Wolkoff shall disgorge the fees paid by Crawford-Mathis to him in the amount of $6,200.[3] Given Crawford-Mathis' benefit from these bankruptcy filings, the Disgorged Fee shall be contributed to the Consumer Bankruptcy Assistance Project ("CBAP").

---

[2] Mr. Baker advised the Court that the United States Trustee did not intend to make a referral based on this incident, recognizing that it was an isolated incident and that there were mitigating circumstances arising from Wolkoff's medical condition. He urged the Court to fashion an appropriate response but did not suggest what that would be. He did believe that the sanction should send a message to other lawyers that the conduct was unacceptable and would be dealt with harshly. Because I conclude, as did Baker, Chandler and Mulcahy, that Wolkoff's conduct was isolated and driven by unusual stress, I believe it would be inappropriate to make an example of him. It should be clear to anyone that is aware of this Order that my decision is based on the unique facts of this case and that the conduct at issue could, under other circumstances, be cause for a referral to the U.S. Attorney.

[3] Wolkoff represented Crawford-Mathis in four of her five bankruptcy cases. If there is a flaw in Wolkoff's approach to his practice, it is his willingness to represent serial filers who evidence no change in circumstances but are merely seeking to delay the inevitable. The desperation of their situations requires a careful balancing of the duty to the client as an advocate and the duty to the court as an officer. Wolkoff, having shown himself to be unable to strike the appropriate balance, is strongly urged to forbear from representing multiple repeat filers.

Disgorgement may be accomplished in four quarterly installments commencing May 1, 2007. Each payment shall be evidenced by a letter certification to the undersigned with a copy of the check or other payment advice.

2. Wolkoff shall provide pro bono service for one year by representing four (4) clients of CBAP from petition to discharge during the next twelve months.[4]

*Diane W. Sigmund*

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

cc:    Judge Bruce Fox
       Judge Stephen Raslavich
       Judge Eric Frank
       Judge Richard Fehling
       Judge Jean FitzSimon

Copies to:
Mark G. Wolkoff
100 North 17th Street, 5th Floor
Philadelphia, PA  19103

Tracey Crawford-Mathis
848 Granite Street
Philadelphia, PA  19124

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O. Box 40119
Philadelphia, PA  19106-0119

Fred Baker, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

---

[4] It was observed by one of the participants at the hearing that Wolkoff's zeal for his client's cause contributed to his transgression. Pro bono service to CBAP clients serves two rehabilitative purposes. First, Wolkoff will be channeling his energy to indigent citizens who have been screened by CBAP as appropriate candidates for bankruptcy relief. Second, he will not be influenced by the fee he charges which may have contributed to his willingness to represent the same client repeatedly. Hopefully this public service will help Wolkoff strike a better balance between his role as an officer of this court and an advocate for his client.